McCARTHY, Appellant,

v.

OHIO STATE MEDICAL BOARD, Appellee.

[Cite as *McCarthy v. Ohio State Medical Bd.* (1989), 63 Ohio App.3d 543.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–1155.

Decided Aug. 1, 1989.

544

*Kuczak, Stukey & Associates* and *Konrad Kuczak, Manley, Burke & Fischer* and *Andrew S. Lipton,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *John C. Dowling,* for appellee.

KERNS, Judge.

This matter is before this court upon the appeal of Thomas H. McCarthy, D.O., appellant, from a decision of the Franklin County Court of Common Pleas which remanded this cause to the State Medical Board of Ohio ("the board"), for further proceedings. The facts of the case disclose that the appellant, an osteopath, is required to register with the board every two years pursuant to R.C. 4731.281, but that he failed to send in his application for the 1985–1986 registration period by the January 1, 1985 deadline. After discovering his oversight, some eighteen months later, appellant drove to the board's office in Columbus and immediately filed an application to renew his certification. He included with his application all fees, proof of continuing medical education, and a $25 penalty fee in accordance with R.C. 4731.281. The board initially refused to issue the certification to appellant, but promptly did so pursuant to a court order issued by the Montgomery County Court of Common Pleas.

From January 1, 1985 to July 1986, the eighteen-month period that appellant was not in compliance with R.C. 4731.281, appellant continued to practice medicine, which included purchasing and prescribing medications for his patients. In November 1986, the board notified appellant by letter that he had been charged with two infractions: (1) practicing osteopathy without a certificate in violation of R.C. 4731.22(B)(16) and 4731.43, and (2) failing to use "reasonable care discrimination" in the administration of drugs in violation of R.C. 4731.22(B)(2).

Appellant appeared at a board proceeding and, subsequently, a hearing officer recommended to the board that appellant's license to practice medicine be revoked. After reviewing the hearing officer's recommendation, the board remanded the matter to the hearing officer based upon appellant's challenge to the sufficiency of the evidence. No additional evidence was ever taken and, subsequently, the board revoked appellant's license to practice medicine.

The appellant then filed an appeal to the Franklin County Court of Common Pleas, where the matter was assigned to a referee. The referee filed a report and recommendation that: (1) the board's decision be vacated upon the basis that appellant complied with R.C. 4731.281 and followed all the proper procedures for filing a tardy application for renewal of his certificate, and (2) the board was without jurisdiction in determining that appellant violated R.C. 4731.43 and/or R.C. 2925.03. Furthermore, the referee concluded that the board had violated appellant's equal protection rights since more than one thousand physicians failed to register on the January 1, 1985 deadline, and appellant was the only physician singled out by the board for the imposition of sanctions and ultimate revocation of his license to practice osteopathic medi-

cine. The board filed objections to the report of the referee and appellant filed a response.

The trial court modified the referee's decision, and remanded the cause to the board for the imposition of a more appropriate sanction, after which both sides appealed to this court.

Appellant asserts the following assignment of error:

"The Court below erred in failing to adopt the recommendation of the referee in full and in remanding this case for additional adjudication and for the imposition of sanctions more commensurate with appellant's conduct."

Appellee has filed a cross-appeal and asserts the following:

"The trial court erred by affirming the findings of the board and then modifying the penalty that the board imposed against the appellant."

■ Since appellant's assignment of error and appellee's assignment of error both take issue with the trial court's decision, they will be discussed simultaneously. The applicable version of the Ohio Revised Code section governing continuing education requirements and biennial registration for doctors, R.C. 4731.281,[1] states, in pertinent part:

" * * * [E]very doctor of osteopathic medicine licensed to practice osteopathic medicine and surgery * * * within this state shall certify to the board that in the preceding three years the practitioner has completed one hundred fifty hours of continuing medical education. On or before January, 1985, and on or before the first day of January of every odd-numbered year thereafter * * * every doctor of osteopathic medicine licensed to practice osteopathic medicine and surgery * * * within this state shall certify to the board that in the preceding two years the practitioner has completed one hundred hours of continuing medical education. Such certification shall be made upon the application for registration furnished by the board pursuant to this section. * * *

" * * * [E]very doctor of osteopathy licensed to practice osteopathic medicine or surgery * * * within this state shall, on or before the first day of January, 1983, and on or before the first day of January of every second year thereafter, apply to the state medical board for a certificate of registration with the board upon an application which shall be furnished by the board, and shall pay at such time a fee of one hundred dollars to the board.

"The board, on or before the first day of October of each year before the year of registration, shall mail or cause to be mailed to every person

---

1. The applicable version of R.C. 4731.281 to the facts at bar was effective June 22, 1984. The statute was amended and the current version was effective December 23, 1986.

registered to practice * * * osteopathic medicine and surgery * * * an application for registration addressed to the last known post office address of such person or may cause such application to be sent to such person through the secretary of any recognized * * * osteopathic * * * society. Failure of such person to receive an application from the board shall not excuse him from the requirements contained in this section. * * *

"* * * *

"The board shall issue to any person authorized to practice * * * osteopathic medicine or surgery * * * upon his application and qualification therefor in accordance with this section, a certificate of registration under the seal of the board. Such certificate shall be valid for a two-year period, commencing on the first day of January and expiring on the thirty-first day of December of the second year following.

"* * * *

"Failure of any certificate holder to register and comply with this section shall operate automatically to suspend his certificate to practice, and the continued practice after the suspension of the certificate to practice shall be considered as practicing without a license. A certificate to practice suspended for less than two years for failure to register shall be reinstated by the board upon submission of the current and delinquent registration fees, a penalty in the sum of twenty-five dollars, and certification by signature of the applicant that the applicant has completed the requisite continuing medical education."

In applying R.C. 4731.281 to the undisputed facts at bar, it is clear that appellant was in compliance with the reinstatement provisions set forth in R.C. 4731.281. The facts demonstrate that due to oversight, the appellant failed to submit his application for registration to the board by the January 1, 1985 deadline. Once discovering his error, appellant immediately proceeded to have his license reinstated pursuant to R.C. 4731.281. The portion of R.C. 4731.281 governing reinstatement, by using the word "shall," mandates that the board "shall" reinstate the certificate to practice medicine upon compliance with certain conditions. It is undisputed that appellant met those conditions by paying his delinquent registration fees, a $25 penalty fee, and certifying that he had completed the requisite number of hours for his continuing medical education requirement. See R.C. 4731.281. However, as specifically provided in R.C. 4731.281, the appellant was in violation of R.C. 4731.281 to the extent that he was considered to be practicing medicine without a certificate for the eighteen-month period, January 1, 1985 to July 1986, that he allowed the certification to lapse.

R.C. 4731.43, the statute which governs practicing osteopathy without a certificate, provides as follows:

"No person shall announce or advertise himself as an osteopathic physician and surgeon, or shall practice as such, without a certificate from the state medical board or without complying with all the provisions of law relating to such practice, or shall practice after such certificate has been revoked, or if suspended, during the time of such suspension.

"A certificate certified by the secretary, under the official seal of the said board to the effect that it appears from the records of the board that no certificate to practice osteopathic medicine and surgery has been issued to any person specified therein, or that a certificate, if issued, has been revoked or suspended shall be received as prima-facie evidence of the record in any court or before any officer of the state."

After reviewing R.C. 4731.43 and applying this code section to the facts at bar, it is apparent that appellant was practicing osteopathy without a certificate during the eighteen-month period that his certificate had lapsed. The failure of appellant to renew his application for certification on January 1, 1985 operated as an automatic suspension of his certificate to practice osteopathy. See R.C. 4731.281. However, there is no "built-in" penalty provision to be found in either R.C. 4731.43 or 4731.281. Appellee argues that the "catch-all" provision of R.C. 4731.22 is applicable. However, R.C. 4731.281 carves out an exception to the "catch-all" provision of R.C. 4731.22 and sets forth specifically the penalty and the conditions which must be met for reinstatement. It obviously was not the intent of the legislature to allow an osteopath to have his license reinstated pursuant to R.C. 4731.281, only to have it revoked under R.C. 4731.22 for the same infraction. On the contrary, in this case, the board's dual attempt to reinstate and revoke the license in the same breath is statutorily irreconcilable. Hence, R.C. 4731.22 is not applicable to the matter presented herein, and with deference to the specific and mandatory language of R.C. 4731.281, the appellant had an unqualified right to have his license reinstated upon the submission of current and delinquent fees, the payment of a $25 penalty, and the certification as to the required medical education.

A perusal of R.C. Chapter 4731 reveals that the only penalty provision applicable to the particular facts of this case is set forth in R.C. 4731.99 [2], which provides as follows:

"(A) Whoever violates section 4731.41 or 4731.43 of the Revised Code is guilty of a misdemeanor of the first degree on a first offense; on each subsequent offense, such person is guilty of a felony of the fourth degree."

---

**2.** The applicable version of R.C. 4731.99 was effective August 27, 1982. This section was amended as of May 15, 1986, and the current amended version was effective on May 17, 1987.

Although R.C. 4731.281 provides for reinstatement upon certain conditions being met by the biennial deadline, only R.C. 4731.99 applies to osteopaths who practice without the certificate required by R.C. 4731.43. Here, the appellant admitted that he failed to file his application by the January 1, 1985 deadline, and this necessarily resulted in his automatic suspension. Thereafter, the issue of whether McCarthy was entitled to reinstatement of his certification under the self-contained provisions of R.C. 4731.281 was decided in his favor by the Montgomery County Court of Common Pleas.[3] Consequently, the only penalty provision that appellees can now invoke, given the facts at bar, is R.C. 4731.99, and this being the case, the trial court erred when it disregarded the recommendation of the referee that the board's decision be vacated.

██ Appellant also argues that the board violated his constitutional rights to due process and equal protection under the law by asserting that there were over one thousand physicians who failed to register by the January 1, 1985 deadline and that, from that number, only appellant had sanctions imposed upon him. Upon review of the evidence, the only witness who testified on this subject was Debra Jones, the custodian of the board's records. Her testimony regarding the number of physicians who failed to file renewal applications in January 1985 and the consequences of what happened to them is demonstratively vague. As the custodian of the board's records, Jones was not prepared to supply the number of the physicians who had failed to register as of January 1, 1985 and only guessed at the total number. Furthermore, she had no knowledge as to whether other late registrants had been disciplined. There is insufficient evidence in the record with which to substantiate appellant's equal protection claim.

██ Appellee asserts that appellant failed to use "reasonable care discrimination" in the administration of drugs in violation of R.C. 4731.22(B)(2). However, the record is devoid of reliable evidence indicating that appellant either made an error in judgment in prescribing medication for one of his patients or lacked the medical skills ordinarily required of osteopaths. Furthermore, there was no evidence submitted to demonstrate that appellant's conduct fell below a reasonable standard of medical care or failed to conform with the minimal standards of care within the medical profession. The state of the evidence before the board was: (1) chronicles of appellant's purchases of drugs throughout the eighteen-month period which his license to practice was automatically suspended; and (2) copies of written prescriptions given to

---

3. The decision of the Montgomery County Court of Common Pleas, case No. 86–2189, was never appealed.

appellant's patients during the same time frame. It is also important to note that the board initially sent the matter back to the hearing officer when appellant challenged the sufficiency of the evidence. No further evidence was taken, but the board proceeded to make a decision. In any event, there is insufficient reliable, probative or substantial evidence to support the board's finding that appellant was in violation of R.C. 4731.22(B)(2). See R.C. 119.12.

Based on the foregoing, appellant's assignment of error is sustained and appellee's cross-assignment of error is overruled, the judgment of the Franklin County Court of Common Pleas is reversed, and the cause is remanded to the board for such proceedings as may be required by law.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and REILLY, JJ., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.