OPINION
Appellee-appellant, State Medical Board of Ohio ("board"), appeals from a judgment of the Franklin County Court of Common Pleas reversing the board's order that reprimanded appellant-appellee, Larry L. Smith, D.O., (1) for practicing osteopathic medicine while his certificate to practice medicine was suspended, and (2) for judicial findings of guilt based on that conduct. The board assigns a single error on appeal:
 THE TRIAL COURT ERRED IN FINDING THAT R.C. 4731.281 BARS THE BOARD FROM TAKING DISCIPLINARY ACTION AGAINST DR. SMITH FOR A JUDICIAL FINDING OF GUILT OF TWENTY-FIVE MISDEMEANORS IN THE COURSE OF PRACTICE.
Dr. Smith has been an osteopathic doctor practicing medicine in Canfield, Ohio since 1969. Pursuant to statute, physicians who are licensed must periodically renew their medical certificates and pay the required renewal fee. See R.C. 4731.281. Renewal applications are to be mailed by the board to all licensed physicians prior to the renewal deadline.
Until 1996, Dr. Smith timely renewed his certificate to practice osteopathic medicine. In 1996, however, Dr. Smith failed to submit his renewal application or pay the required fee to renew his certificate for the biennial period of October 1, 1996 to September 30, 1998. As a consequence, on September 30, 1996, Dr. Smith's license to practice osteopathic medicine lapsed and was suspended on October 1, 1996 by operation of law under former R.C. 4731.281(D), which provides that the "[f]ailure of any certificate holder to register and comply with this section shall operate automatically to suspend the holder's certificate to practice, on the first day of October in the year registration is required, and the continued practice after the suspension of the certificate to practice shall be considered as practicing without a license." Dr. Smith was not advised that his license was suspended and he continued to see patients, issue prescriptions, and practice medicine in his Canfield, Ohio office.
On July 17, 1997, various law enforcement personnel raided Dr. Smith's office and executed a search warrant based on Dr. Smith's practicing osteopathy without a certificate. Following the police raid, Dr. Smith suspended his medical practice until September 11, 1997, when he drove to the board's offices in Columbus, Ohio to submit a renewal application and pay the required fees. On that date, Dr. Smith met with the chief of licensure for the board, and in accordance with R.C. 4731.281 submitted a renewal application, a registration fee, a twenty-five dollar late application fee, and a certificate of continuing medical education for the previous biennial period. Dr. Smith's osteopathic medical license was reinstated that day pursuant to R.C. 4731.281.
On August 28, 1997, Dr. Smith was charged in Mahoning County Court with twenty-five counts of practicing osteopathic medicine without a certificate, a first-degree misdemeanor in violation of R.C. 4731.43, and with various violations of drug statutes. On February 13, 1998, Dr. Smith entered a plea of no contest to the twenty-five misdemeanor counts, stipulated to findings of guilt regarding those counts, and paid court costs and a fine of $10,000. The drug charges were dismissed as part of the plea bargain.
On April 5, 2000, the board notified Dr. Smith of its intent to take disciplinary action against him based on the following allegations:
 On or about September 30, 1996, your certificate to practice osteopathic medicine and surgery in Ohio expired. Upon your failure to submit an application for renewal, your certificate was automatically suspended October 1, 1996, in accordance with Section 4731.281(D) Ohio Revised Code (as in effect prior to June 30, 1997).
 Subsequently, on or about August 10, 1997, you submitted a renewal application with payment of registration fee and reinstatement penalty, and your license was subsequently reinstated on or about September 11, 1997.
 On or about February 13, 1998 in Area Court #5, Mahoning County Court, Canfield, Ohio, you pleaded no contest to, and were found guilty of twenty-five (25) first degree misdemeanor counts of practicing without a certificate, in violation of Section 4731.43, Ohio Revised Code, Practicing Osteopathy without a certificate.
 The acts underlying your above plea of no contest and ensuing conviction, were that, from the date your license lapsed on or about September 30, 1996, until on or about July 15, 1997, you practiced osteopathic medicine and surgery in Canfield, Ohio, without a valid certificate issued by the State Medical Board of Ohio.
In its notice to Dr. Smith, the board asserted the misdemeanor convictions constitute "[a] plea of guilty to, or a judicial finding of guilt of, a misdemeanor committed in the course of practice," as that clause is used in former R.C. 4731.22(B)(11), and thus serves as a statutory basis for the board to discipline a licensee.
An administrative hearing was held on the matter on July 20, 2000. At the hearing, the misdemeanor convictions were admitted into evidence. The board presented evidence regarding Dr. Smith's failure to renew his certificate, as well as the suspension and reinstatement of Dr. Smith's certificate to practice osteopathic medicine. Dr. Smith testified he did not receive the renewal application and, prior to the raid of his office on July 17, 1997 by law enforcement personnel, he did not realize his certificate had expired. The hearing officer found the violations had been proven.
In mitigation, however, the hearing officer found: (1) Dr. Smith's failure to renew his certificate in 1996 resulted from negligent oversight and was not a willful or intentional act, (2) Dr. Smith immediately ceased practicing medicine when he learned of the problem and did not resume his practice until he had properly renewed his certificate, (3) the police search of his office and the subsequent criminal convictions and fine served as punishment for Dr. Smith, and (4) Dr. Smith was remorseful for his conduct. (Report of hearing examiner, 7.) The hearing officer recommended that Dr. Smith be reprimanded. On September 13, 2000, the board approved the hearing officer's report and recommendation, and ordered a reprimand of Dr. Smith.
On Dr. Smith's appeal, the Franklin County Court of Common Pleas found Dr. Smith's license was appropriately suspended by operation of law under R.C. 4731.281(D) because Dr. Smith practiced osteopathy without a license while in noncompliance with the recertification requirements of R.C.4731.281(B). The court determined Dr. Smith subsequently came into compliance and had his license reinstated with no restrictions on September 11, 1997 pursuant to R.C. 4731.281(D), which provides that "[a] certificate to practice suspended for less than two years for failure to register shall be reinstated by the board upon submission of the current and delinquent registration fees, the twenty-five-dollar penalty for late applications, and certification by signature of the applicant that the applicant has completed the requisite continuing medical education."
Relying on McCarthy v. Ohio State Med. Bd. (1989), 63 Ohio App.3d 543, the court further concluded that once the board had reinstated Dr. Smith's osteopathic medical license pursuant to R.C. 4731.281 with no restrictions, the board could not impose further disciplinary action on Dr. Smith under any provision of R.C. 4731.22. The court stated the only penalty provision applicable to these facts is R.C. 4731.99, which makes it a misdemeanor to practice medicine without a certificate, but the court noted that provision had already been imposed on Dr. Smith in his plea to the twenty-five misdemeanor counts. The court reversed the board's order of discipline against Dr. Smith.
On appeal to this court, the board asserts the common pleas court erred in relying on McCarthy and in finding the board's reinstatement of Dr. Smith's certificate pursuant to R.C. 4731.281 precluded the board from taking subsequent disciplinary action against Dr. Smith under R.C.4731.22(B)(11).
In McCarthy, Dr. McCarthy, an osteopathic doctor, failed to renew his certificate with the state medical board until eighteen months after the deadline for renewal had passed, at which time the doctor complied with the reinstatement provisions set forth in R.C. 4731.281 and his certificate was reinstated. During the eighteen months Dr. McCarthy was in noncompliance with R.C. 4731.281, he continued to practice medicine. In November 1986, after Dr. McCarthy's certificate to practice had been reinstated, the board notified Dr. McCarthy by letter of its charges against him, including practicing osteopathy without a certificate in violation of R.C. 4731.22(B)(16) and 4731.43. Following a hearing, the board revoked the doctor's license to practice medicine. On the doctor's appeal to this court, the board argued that its disciplining the doctor was authorized under the "catch-all" provision of R.C. 4731.22. Rejecting the board's argument, this court stated as follows:
 *** R.C. 4731.281 carves out an exception to the "catch-all" provision of R.C. 4731.22 and sets forth specifically the penalty and the conditions which must be met for reinstatement. It obviously was not the intent of the legislature to allow an osteopath to have his license reinstated pursuant to R.C. 4731.281, only to have it revoked under R.C. 4731.22 for the same infraction. On the contrary, in this case, the board's dual attempt to reinstate and revoke the license in the same breath is statutorily irreconcilable. Hence, R.C. 4731.22 is not applicable to the matter presented herein, and with deference to the specific and mandatory language of R.C. 4731.281, the appellant had an unqualified right to have his license reinstated upon the submission of current and delinquent fees, the payment of a $25 penalty, and the certification as to the required medical education. Id. at 548. (Emphasis added.)
The board argues McCarthy is distinguishable because the doctor in McCarthy was charged under the "catch-all" provision of R.C. 4731.22(B)(16) for failure to renew his certificate, whereas the board here charged and disciplined Dr. Smith under the independent ground of R.C. 4731.22(B)(11) based on his misdemeanor convictions, not merely on his failure to renew his certificate while continuing to practice medicine.
Contrary to the board's contention, McCarthy is controlling in this case. It is irrelevant whether the board undertook its disciplinary action against Dr. Smith under R.C. 4731.22(B)(11) after it reinstated his license under R.C. 4731.22(B)(16) as in McCarthy, or under some other subsection of that statute. The holding in McCarthy is not limited to a particular subsection of R.C. 4731.22. See McCarthy, supra, at 548. Instead, in McCarthy, the pertinent question was whether the initial suspension of the certificate and the subsequent disciplinary measure were based upon "the same infraction," or the same underlying conduct. Id.
Here, both the suspension of Dr. Smith's certificate to practice osteopathy and the subsequent misdemeanor convictions were predicated on his failure to renew his certification as required by R.C. 4731.281. Dr. Smith was found guilty of violating R.C. 4731.43, practicing osteopathy without a certificate, only because the board suspended his license pursuant to R.C. 4731.281 due to his failure to renew his certificate. Both actions were based on Dr. Smith's "failure to renew his certificate"; thus, both were based on "the same infraction." Accordingly, once the board suspended Dr. Smith's license for failure to renew his certification and then fully reinstated his license without restriction pursuant to R.C. 4731.281, it would be contrary to policy, as stated in McCarthy, to allow the board to again penalize Dr. Smith for his failure to renew his certification.
The board nonetheless points to two cases where this court has held that a "plea of guilty to, or a judicial finding of guilt of, a misdemeanor committed in the course of practice" under R.C. 4731.22(B)(11) was sufficient to permit the board to discipline a licensee. See Davidson v. Ohio State Med. Bd. (May 7, 1998), Franklin App. No. 97APE08-1036, unreported, and Herman v. Ohio State Med. Bd. (Nov. 28, 2000), Franklin App. No. 99AP-967, unreported. We agree that a violation of R.C.4731.22(B)(11) is sufficient to permit the board to discipline a licensee under appropriate circumstances, as this court held in Davidson and Herman. However, Davidson and Herman are factually distinguishable from McCarthy and the present case.
In Davidson, the appellant doctor pled guilty to a misdemeanor charge of obstructing official business that involved the removal of billing documents from patient files under investigation. The board subsequently suspended the doctor's license based on his commission of a misdemeanor in the course of practice in violation of R.C. 4731.22(B)(11), and this court affirmed the board's disciplinary action. Davidson, however, is distinguishable because in Davidson the board took only one disciplinary action against the doctor, that being the suspension of the doctor's license. The board did not suspend the doctor's license, reinstate it, and then take further disciplinary action against the doctor based on the same conduct that gave rise to the original suspension, as occurred here.
In Herman, a consent agreement to suspend the appellant doctor's license was entered into between the board and the doctor because the doctor informed the board he had a relapse of his chemical dependency. The suspension was premised on a violation of R.C. 4731.22(B)(26), impairment of ability to practice. Subsequently, the board permanently revoked the doctor's license for his violation of R.C. 4731.22(B)(11), based on the doctor's guilty plea to two misdemeanor counts involving the doctor's diversion of medication from a patient for his personal use, thus placing the patient in a critical care area of a hospital at grave risk while in the doctor's care. In Herman, this court determined the conduct underlying the board's two actions against the doctor was not the same, and therefore the board's initial disciplinary action of suspending the doctor's license did not preclude the board from subsequently revoking the doctor's license in that case. Here, in contrast, because the board's two disciplinary actions against Dr. Smith were based on the same underlying conduct, the board was precluded from taking further disciplinary action against Dr. Smith after the board reinstated Dr. Smith's certificate to practice osteopathy with no restrictions. McCarthy, supra. Because McCarthy is controlling, the common pleas court properly determined the board's order was in error.
Accordingly, the board's single assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.